946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Francisco GONZALES, Plaintiff-Appellant,
v.
CITY OF ESPANOLA, Richard Guillen, Leo Montoya, Gene Aldaz,
in their individual capacities only, Defendants-Appellees.
 No. 91-2041.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Francisco Gonzales appeals from an order of the district court granting defendants Gene Aldaz and the City of Espanola's motion for summary judgment in this 42 U.S.C. § 1983 action. The court earlier dismissed claims against defendants Richard Guillen and Leo Montoya on the ground of res judicata. Gonzales does not appeal this order, nor does he appeal the district court's grant of summary judgment for the City of Espanola.
 
 
 3
 On appeal, Gonzales argues that the district court erred in granting summary judgment for Aldaz because Aldaz' actions were prohibited by both the Fourth and Fourteenth Amendments. We affirm.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We first examine the record to determine if any genuine issue of material fact was disputed and, if not, we then determine if the district court correctly applied the substantive law. Id. We examine the factual record and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. Id. Plaintiff may not rest on his pleadings but must set forth specific facts showing that there is a genuine issue of material fact as to the dispositive matters for which he will carry the burden of proof at trial. Id.
 
 
 5
 The facts show that defendant police officer Montoya arrested Gonzales for driving while intoxicated after he backed his truck into a parked vehicle. Montoya then transported Gonzales to the city jail.
 
 
 6
 Upon arrival at the jail, Aldaz, a detention officer at the Espanola City Police Department Jail, assisted Montoya in getting Gonzales out of the police car. Aldaz went back into the jail ahead of Gonzales and Montoya. As they were entering the jail, Gonzales stumbled and Montoya grabbed his arm to keep him from falling. Gonzales told Montoya to leave him alone. Montoya released Gonzales' arm and walked behind him. Gonzales then stumbled, fell against the wall, and slid to the floor. When he tried to stand up, he slid down again. Aldaz could not see Gonzales fall from where he was standing. Aldaz began videotaping Gonzales when he saw Gonzales sitting in the corner.
 
 
 7
 In his complaint, Gonzales alleged that Aldaz "unnecessarily allowed Plaintiff to fall and strike the floor and wall, thereby failing to exercise reasonable protective custody of Plaintiff." Appellant's App. at 2. Gonzales alleged that Aldaz' actions were "grossly negligent and in reckless disregard for the safety of Plaintiff" and "constituted objectively unreasonable conduct." Id.
 
 
 8
 In order to prevail in a § 1983 action in federal court, a plaintiff must show both that a federal constitutional right was violated and that the individual violating that right did so under color of state law. Wise v. Bravo, 666 F.2d 1328, 1331 (10th Cir.1981). Because § 1983 is not a negligence statute, we review Gonzales' claim in order to " 'determine whether [Aldaz'] conduct violated any of [Gonzales'] constitutional rights.' " Quezada v. County of Bernalillo, --- F.2d ----, No. 90-2014, slip op. at 8 (10th Cir. Sept. 9, 1991) (quoting Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.1990)).
 
 
 9
 Gonzales alleged that Aldaz' actions violated both his Fourth and Fourteenth Amendment rights. " 'The first inquiry in any section 1983 suit' is 'to isolate the precise constitutional violation with which [the defendant] is charged.' " Graham v. Connor, 490 U.S. 386, 394 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).
 
 
 10
 Gonzales argues that the Fourth Amendment applies because he had been seized and, not having yet been indicted, could not be classified as a pretrial detainee. Although Gonzales could have claimed Fourth Amendment protections as to some types of actions at this stage of the custodial continuum, see Austin v. Hamilton, --- F.2d ----, No. 90-2024, slip op. at 6-11 (10th Cir. Sept. 24, 1991), he did not raise any such claims here. The allegations raised by Gonzales are not subject to Fourth Amendment protections.
 
 
 11
 The Fourth Amendment protects against physically abusive governmental conduct in the area of unreasonable seizures. Graham, 490 U.S. at 394. In order to effect a seizure or arrest, either physical force or submission to the assertion of authority is required. See California v. Hodari D., 111 S.Ct. 1547, 1551 (1991). "[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham, 490 U.S. at 395 (emphasis in original).
 
 
 12
 However, Gonzales makes no allegations of excessive force in the process of his arrest and seizure. He alleges only a failure to take affirmative steps to protect Gonzales from himself. The Fourth Amendment does not govern this claim.
 
 
 13
 Gonzales also claims violations of the Fourteenth Amendment. The due process clause of the Fourteenth Amendment "was 'intended to secure the individual from the arbitrary exercise of the powers of government.' " Daniels v. Williams, 474 U.S. 327, 331 (1986) (quoting Hurtado v. California, 110 U.S. 516, 527 (1884) (which quoted Bank of Columbia v. Okely, 17 U.S. (4 Wheat.) 235, 244 (1819))). Therefore, a negligent act evincing only a lack of due care by a government official does not warrant Fourteenth Amendment protections. "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Daniels at 332.
 
 
 14
 Gonzales attempts to meet this standard by alleging that Aldaz' conduct was "grossly negligent and in reckless disregard for" Gonzales' safety thereby constituting "objectively unreasonable conduct." Appellant's App. at 2. However, the facts as recited above show, at best, a lack of due care or negligence on the part of Aldaz. We cannot charge Aldaz with the knowledge that Gonzales would refuse to allow Montoya to assist him, thereby placing himself in the position of needing other assistance. Further, Gonzales has not shown he could not have entered the jail safely without the assistance of both Montoya and Aldaz. Even if we were to accept Gonzales' allegation (which we cannot do because Montoya was not found liable on this charge in Gonzales' state court action), that Montoya shoved him into the wall, Gonzales does not show how Aldaz knew or should have known Montoya would perform such an act. There is no evidence Aldaz made a deliberate decision not to go to Gonzales' assistance.
 
 
 15
 "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.' " Daniels, 474 U.S. at 333 (quoting Parratt v. Taylor, 451 U.S. 527, 548 (1981) (Powell, J., concurring in result) (emphasis added in Daniels ).
 
 
 16
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3